Abraham J. Gellinoff, J.
Both parties move for summary *720 judgment in this declaratory judgment action challenging defendant city’s power to impose sales and use taxes upon plaintiff.
Plaintiff, a corporation organized under the laws of the Federal Republic of Germany, contends that it is exempt from the challenged taxes as the result of a treaty between the United States and the Federal Republic, which provides, inter alia, that: "Nationals and companies of either Party shall in no case be subject, within the territories of the other Party, to the payment of taxes, fees or charges imposed upon or applied to income, capital, transactions, activities or any other object, or to requirements with respect to the levy and collection thereof, more burdensome than those borne in like situations by nationals, residents, and companies of any third country.” (7 UST 1839, 1851; emphasis added.) Plaintiff contends that other foreign airlines have been exempted from the challenged taxes, and, accordingly, such equal treatment must be afforded plaintiff.
Defendant opposes plaintiff’s claim, and itself seeks summary judgment, upon the contention that plaintiff is not "in like situations” with those airlines which have been exempted from taxation. Defendant argues that, in determining the question of exemption, it has uniformly followed a policy of exempting only those airlines which are wholly owned by a foreign government. All airlines which the city presently exempts from taxation are wholly owned by foreign governments; and, in one instance — El A1 Israel Airlines — an airline which had been exempted was deprived of its exemption upon ascertainment that it was in part privately owned. Thus, urges defendant, since plaintiff is not entirely owned by the Federal Republic of Germany (the parties dispute whether such governmental ownership is 80% or 94%), it is not "in like situations” with the exempt airlines, and the challenged taxes do not violate the treaty.
But, as plaintiff argues, ownership of the shares of stock of a foreign corporation is not a reasonable basis upon which to distinguish "like situations” for tax purposes. For, as the rulings by the Internal Revenue Service (I.T. 3789; Rev Rul 66-73) cited by plaintiff demonstrate, a corporation is treated as separate from its owners for tax purposes, and, therefore, the Federal income tax exemption afforded to foreign governments does not extend to a corporation merely because its stock is wholly owned by a foreign government. Further, the *721 purpose of the specific treaty at issue is to protect German corporations from competitive advantages to other foreign corporations. Total governmental ownership of stock is therefore not a relevant consideration in determining "like situations” for that purpose.
In responding to plaintiffs arguments, defendant does not attempt to justify its consideration of stock ownership as a rational basis for determining similarity of "situations”. Instead, in response to plaintiffs reference to the Internal Revenue Service rulings, defendant, apparently conceding the irrationality of its distinction, lamely argues that it is "not unlikely [that] the exemption rulings [as to the other airlines] were erroneous”, and that the denial of an exemption to plaintiff was therefore correct.
This argument misses the point. Plaintiffs right to an exemption does not depend upon the correctness of defendant’s exemption rulings. Plaintiff is entitled to treatment equal to that afforded other foreign corporations, regardless whether the treatment of foreign corporations is based upon a correct or erroneous ruling. Defendant may not impose a tax upon plaintiff without imposing one upon other foreign corporations, and then offer as justification the preposterous claim that: "The treaty enjoins disparate treatment by law, not by administrative misinterpretation”.
Plaintiff is, accordingly, entitled to a judgment declaring it exempt from the challenged taxes, and its motion for such judgment is granted.